J-S33009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN T. STEWARD JR. | : | |
| | : | |
| Appellant | : | No. 1210 EDA 2020 |

Appeal from the PCRA Order Entered May 6, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002043-2006

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 15, 2021**

Norman T. Steward, Jr. appeals *pro se* from the dismissal of his third petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We affirm.

On October 24, 2007, a jury convicted Appellant of second-degree murder, robbery, and conspiracy to commit robbery in relation to the shooting death of Michelle Vasquez.  The trial court imposed a sentence of life imprisonment without the possibility of parole for the murder conviction, concurrent sentences of six to twelve years of incarceration for robbery, and five to ten years of incarceration for conspiracy.  On August 13, 2010, this Court affirmed Appellant's judgment of sentence.  ***See Commonwealth v. Steward***, 11 A.3d 1024 (Pa.Super. 2010) (unpublished memorandum).  On March 1, 2013, following the reinstatement of his appellate rights, our

Supreme Court denied Appellant's petition for allowance of appeal. *See*

***Commonwealth v. Steward***, 63 A.3d 1247 (Pa. 2013). Accordingly,

Appellant's judgment of sentence became final on May 30, 2013, ninety days

after our Supreme Court denied discretionary review and the time for filing a

petition for writ of *certiorari* in the United States Supreme Court expired. *See*

42 Pa.C.S. § 9545(b)(3).

On August 27, 2019, Appellant filed his first *pro se* PCRA petition.[1] The

PCRA court filed a notice of intent to dismiss the petition, pursuant to

Pa.R.Crim.P. 907. *See* Order, 9/10/19. Appellant submitted a *pro se*

response and the PCRA court dismissed Appellant's petition. *See* Order

10/9/19. Appellant filed a timely *pro se* appeal.

On March 24, 2020, while Appellant's first PCRA appeal was pending in

this Court, Appellant filed a "Petition of Newly D[i]scovered Evidence."

Therein, he raised claims that the Commonwealth had not supplied Appellant

with evidence relevant to the chain of custody which would have assisted his

defense at trial. *See* Petition of Newly Discovered Evidence, 3/24/20, at 1-2.

On April 7, 2020, the PCRA court treated Appellant's request for relief as a

second PCRA petition and denied it as untimely because those claims could

---

[1] Appellant had filed an earlier PCRA petition in 2011 to obtain the reinstatement of his direct appeal rights which was granted. Since, that grant of relief disturbed the finality of Appellant's judgment of sentence the next PCRA petition would be deemed his first. ***See Commonwealth v. Steward***, 237 A.3d 1069 (Pa.Super. 2020) (unpublished memorandum at 4).

have been raised in his 2019 PCRA petition. *See* Order, 4/7/20, at n.1. The court further noted that "even if the [c]ourt was inclined to respond to this Petition," it lacked jurisdiction because the PCRA petition "which raises substantially the same issues" was still pending on appeal. *Id*.

On May 1, 2020, Appellant filed a response to the PCRA court's April 7, 2020 order, contending therein that he had timely raised his newly-discovered-evidence claim, established a violation of *Brady*[2], and disclosed a miscarriage of justice. *See* Response, 5/1/20, at 1-2. The PCRA court treated this response, which is the subject of this appeal, as a third PCRA petition and dismissed it on May 6, 2020 on the basis that Appellant's first PCRA petition was still pending on appeal. *See* Order, 5/6/20, at n.1. On May 29, 2020, Appellant filed this timely appeal from the May 6, 2020 dismissal order. The PCRA court did not take immediate action to address the appeal.

On June 22, 2020, this Court reversed the dismissal of Appellant's first PCRA petition and remanded for the appointment of PCRA counsel. *See Commonwealth v. Steward*, 237 A.3d 1069 (Pa.Super. 2020) (unpublished memorandum at 4-6). On remand, the PCRA court judge thereafter complied with this Court's directives regarding Appellant's first PCRA petition, and then retired before taking action regarding the instant appeal of the May 6, 2020

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

order. The case was then assigned to a new judge, who proceeded to address Appellant's first petition, but not this appeal.

On October 20, 2020, appointed counsel submitted a request to withdraw and a *Turner*-*Finley* "no merit letter" explaining why the claims raised by Appellant in all three of his 2019-2020 petitions lacked merit.[3] The PCRA court held a hearing on the timeliness of Appellant's first petition and, afterwards, allowed counsel to withdraw. On February 10, 2021, the PCRA court denied Appellant's 2019 PCRA petition. Appellant did not appeal the denial of that PCRA petition.

On February 23, 2021, the PCRA court filed its Pa.R.A.P. 1925(a) opinion for the instant appeal. Therein, the PCRA court explained that it did not file an opinion until February of 2021 because it was unaware that the original PCRA court had not addressed Appellant's pending appeal from the dismissal of his third PCRA petition. *See* PCRA Opinion, 2/23/21, 2 n.1. The parties subsequently submitted their briefs, and this appeal is now ripe for our adjudication.

Appellant raises the following issues for our review:

A.    Here, do[es] [Appellant] have grounds for relief that he meets the exception to the time bar?

B.    Here, do[es] [Appellant] newly discovered evidence meet the criteria for relief?

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant's brief at 1.

We begin with a discussion of the pertinent legal principles. Our "review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (quoting **Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011)). "We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." **Commonwealth v. Dozier**, 208 A.3d 1101, 1103 (Pa.Super. 2019) (quoting **Commonwealth v. Brenner**, 147 A.3d 915, 919 (Pa.Super. 2016)). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018) (citation omitted). Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa.Super. 2018) (citation omitted).

In this appeal, Appellant continues to argue issues that were the subject of his first PCRA petition, which PCRA counsel addressed in his no-merit letter, and which was ultimately denied as untimely by the PCRA court on February 10, 2021. Appellant did not appeal the February 10, 2021 order. Instead, the instant appeal, filed long before the PCRA court rendered its February 10,

2021 decision, pertains solely to the May 6, 2020 order dismissing Appellant's third PCRA petition due to a lack of subject matter jurisdiction.

It is well-established that "a PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final." **Commonwealth v. Montgomery**, 181 A.3d 359, 364-65 (Pa.Super. 2018) (*en banc*) (citing **Commonwealth v. Porter**, 35 A.3d 4 (Pa. 2012)). Accordingly, the PCRA court correctly noted that it lacked jurisdiction to consider a serial PCRA petition until the first appeal concluded. **See Montgomery**, **supra** at 364-65. We find that the PCRA court did not err when it dismissed Appellant's third PCRA petition due to the absence of subject-matter jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2021