J-S43009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE HENRY HART | : | |
| | : | |
| Appellant | : | No. 1224 EDA 2022 |

Appeal from the PCRA Order Entered April 11, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0001737-2009

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 10, 2023**

Appellant, Clarence Henry Hart, appeals *pro se* from the April 11, 2022 Order entered by the Lehigh County Court of Common Pleas, which dismissed his petition seeking *habeas corpus* relief as an untimely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we affirm.

In 2010, a jury convicted Appellant of various crimes related to his 2008 attack and robbery of an 83-year-old woman.[1]  On July 6, 2010, the court sentenced Appellant to an aggregate term of 31 to 62 years of imprisonment, observing    that    Appellant's    criminal    history    included    nineteen    prior

_____

[1] Specifically, the jury convicted Appellant of Robbery, Burglary, Theft by Unlawful Taking, Simple Assault, and Criminal Conspiracy to Commit Robbery and Burglary.  PCRA Ct. Op., 6/10/22, at 1.

convictions.[2]  In August 2011, the Superior Court denied relief on his direct appeal.[3]  After the Pennsylvania Supreme Court denied review on February 9, 2012, Appellant's appeal became final on May 9, 2012, as he did not seek review in the United States Supreme Court.[4]

In February 2013, Appellant filed *pro se* his first PCRA petition, raising approximately 40 issues, and the PCRA court appointed counsel.  Relevant to his current claims, PCRA counsel filed a **Turner/Finley**[5] letter, asserting that Appellant's claims lacked merit, and sought leave to withdraw.  On May 16, 2013, the court held a hearing on counsel's motion at which Appellant asserted that PCRA counsel's **Turner/Finley** letter failed to address two of his 40 claims and alleged that appointed PCRA counsel previously represented him in the 1990's but had withdrawn due to irreconcilable differences.[6]  At the

---

[2] **Id**. at 2.

[3] **Commonwealth v. Hart**, 32 A.3d 826 (Pa. Super. 2011) (unpublished memorandum).

[4] **Commonwealth v. Hart**, 38 A.3d 823 (Pa. 2012).  **See Commonwealth v. Feliciano**, 69 A.3d 1270, 1275 (Pa. Super. 2013) (applying 42 Pa.C.S. § 9545(b)(3) and concluding that where a petitioner does not appeal to the United States Supreme Court, the "petitioner's judgment of sentence becomes final ninety days after [the Pennsylvania] Supreme Court rejects his or her petition for allowance of appeal").

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super.1988) (*en banc*).

[6] N.T., 5/16/13, at 3-10.  At the hearing, PCRA counsel contended that she did not recall representing him twenty years earlier and indicated that she
*(Footnote Continued Next Page)*

conclusion of the hearing, the PCRA court granted counsel leave to withdraw and provided Appellant time to prepare to represent himself. The PCRA court subsequently denied Appellant's requests for the appointment of new counsel.[7] Following several hearings at which Appellant represented himself, the PCRA court denied relief in 2015, which this Court affirmed in 2016.[8]

On February 17, 2022, Appellant filed *pro se* the instant "Petition for *Habeas Corpus* Relief," claiming that his first PCRA proceedings, from 2013 to 2015, violated his right to due process.[9] On March 15, 2022, the PCRA court issued a Notice of Intention to Dismiss pursuant to Pa.R.Crim.P. 907(1). Treating the filing as a PCRA petition, the court opined that it did not have jurisdiction to review Appellant's untimely PCRA petition because he had not filed it within one year of his judgment becoming final, as required by 42 Pa.C.S. § 9545(b)(1), nor had he pled and proven a timeliness exception.[10] Appellant responded, asserting that his claims did "not fit within the eligibility requirements of the PCRA" and that "as a *habeas* claimant[,] he is no[t]

---

reviewed his PCRA Petition based solely on the record without "bad feelings or any problems" toward Appellant. ***Id.*** at 7-8.

[7] N.T., 10/17/2013, at 12; Tr. Ct. Orders, 11/2/14, 2/4/15.

[8] ***Commonwealth v. Hart***, 151 A.3d 1146 (Pa. Super. 2016) (unpublished memorandum).

[9] Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution, 2/17/22, at 7.

[10] PCRA Ct. Order, 3/15/22, at 2 n.7.

subject to any time bar."[11]  On April 11, 2022, the PCRA court dismissed the petition as untimely.

Appellant filed his Notice of Appeal on April 22, 2022.  The PCRA court and Appellant complied with Pa.R.A.P. 1925.  Before this Court, Appellant presents *pro se* the following questions for review:

> A. Whether the [t]rial [c]ourt abused its discretion in dismissing Appellant's Petition for *Habeas Corpus* Relief alleging his confinement is based on the denial of his right to a counselled PCRA proceeding[?]
>
> B. Whether the [t]rial [c]ourt abused its discretion in dismissing Appellant's Petition for *Habeas Corpus* Relief alleging his confinement is based on a PCRA Proceeding that violated due process because the order dismissing the petition was procured by fraud[?]
>
> C. Whether the [t]rial [c]ourt abused its discretion in dismissing Appellant's Petition for *Habeas Corpus* Relief alleging he is illegally confined on the basis of a PCRA proceeding that violated due process because the PCRA [c]ourt failed to convene a hearing on his claims[?]

Appellant's Br. at 3 (italicization added).

## A.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error.  ***Commonwealth v. Dozier***, 208 A.3d 1101, 1103 (Pa. Super. 2019) (citation omitted).  This Court grants "great deference to the factual findings of the PCRA court" if they are supported by the record.  ***Id.*** (citation

---

[11] Appellant's Answer to Court's Motion of Intention to Dismiss, 4/4/22, at ¶¶ 2, 10-11.

omitted). For questions of law, "our standard of review is *de novo*[,] and our scope of review is plenary." *Id.* (citation omitted).

Despite Appellant styling his filing as a *habeas corpus* petition, Pennsylvania law mandates that "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa.C.S. § 6503(b). The PCRA reiterates that it is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]" 42 Pa.C.S. § 9542. "Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa. Super. 2013).

Thus, a petitioner whose claims are cognizable under the PCRA "cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." ***Id.*** at 466. As we have frequently observed, "the timeliness of a PCRA petition is [] a jurisdictional requisite." ***Commonwealth v. Zeigler***, 148 A.3d 849, 853 (Pa. Super. 2016). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012). If a petitioner fails to plead and prove a valid exception to the PCRA time-bar, neither the PCRA court nor this Court

may review the petition. ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011).

**B.**

Appellant attempts to assert his claims via *habeas corpus*, arguing that his "unique claim [] falls outside the PCRA statutory scheme" because the proceedings on his first PCRA petition violated due process. Appellant's Br. at 12.[12] He first contends that he suffered "the denial of his right to a counselled PCRA proceeding," which he distinguishes from a claim of ineffectiveness of counsel cognizable under the PCRA. Appellant's Reply Br. at 1; Appellant's Br. at 10. He next argues that PCRA counsel's failure to address two of his 40 issues in the ***Turner/Finley*** letter and her failure to alert the court to her 1995 withdrawal of representation of Appellant constituted a fraud on the court such that a *habeas corpus* petition is the appropriate vehicle for relief. Appellant's Reply Br. at 2. Finally, he asserts that the PCRA court's denial of an evidentiary hearing "rendered illusory" "his right to full, fair, and

_____

[12] In support, Appellant cites ***Commonwealth v. West***, 938 A.2d 1034 (Pa. 2007), and ***Commonwealth v. Judge***, 916 A.2d 511 (Pa. 2007). Appellant's Br. at 12. These cases are factually distinguishable and, thus, provide no support. ***See West***, 938 A.2d at 1044 (concluding that a challenge to the validity of defendant's judgment of sentence after the Commonwealth delayed incarceration for nine years was not cognizable under the PCRA); ***Judge***, 916 A.2d at 520 (concluding that the "[a]ppellant's claim concerning his deportation from Canada to face a death sentence falls outside the intended scope of the PCRA," noting that the question was one of international law).

meaningful PCRA review."[13] Appellant's Br. at 19-20. In essence, Appellant is challenging PCRA counsel's representation of him in 2013 and the propriety of her **Turner/Finley** no-merit letter, which resulted in the court's grant of counsel's motion to withdraw and the absence of counsel during the subsequent hearings on his first PCRA Petition.

After review, we agree with the PCRA court that Appellant's claims, while entitled *habeas corpus* claims, are cognizable under the PCRA as challenges to the effectiveness of PCRA counsel. **See Commonwealth v. Bradley**, 261 A.3d 381, 390 (Pa. 2021) ("Under the PCRA, ineffective assistance of counsel is one of the enumerated errors entitling a defendant to relief so long as the other conditions of the PCRA are met."); 42 Pa.C.S. § 9543(a)(2)(ii). As such, Appellant's claims are subject to the timeliness requirements of the PCRA. **See Commonwealth v. Mitchell**, 141 A.3d 1277, 1284 (Pa. 2016) (reiterating that a petitioner seeking review of untimely PCRA claims must establish the PCRA court's jurisdiction "by pleading and proving an exception to the PCRA's timeliness requirement"). Accordingly, we next determine if Appellant's current petition satisfies the timeliness requirements of the PCRA.

Given that his judgment of sentence became final on May 9, 2012, Appellant had until May 9, 2013 to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed in February 2022, is facially untimely.

---

[13] We observe that the record belies this claim as it reflects that the PCRA court held multiple hearings, providing Appellant the opportunity to present his PCRA claims, even if he did not have representation at the hearings.

*Id.* Appellant has made no attempt to plead the applicability of any timeliness exception. As neither the PCRA court nor this Court have jurisdiction to address his claims, we affirm the denial of PCRA relief. *See Watts*, 23 A.3d at 983.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2023