J-S09035-19

2019 PA Super 131

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                  :                PENNSYLVANIA
            Appellee        :
                                  :
              v.               :
                                  :
MITCHELL LUNTZ DOZIER,        :
                                  :
           Appellant      :       No. 1227 WDA 2018

Appeal from the PCRA Order Entered July 30, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003482-2016

BEFORE: PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:              FILED APRIL 25, 2019

Mitchell Luntz Dozier (Appellant) appeals from the July 30, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

In light of our disposition, a detailed recitation of the underlying facts is unnecessary. Pertinent to this appeal, following a three-day trial, the jury found Appellant guilty of aggravated assault, carrying a firearm without a license, discharge of firearm, recklessly endangering another person (REAP), and two counts of possessing instruments of crime. On April 12, 2017, the trial court sentenced Appellant to an aggregate term of incarceration of 7 years and 4 months to 14 years and 8 months, followed by 5 years of probation. The trial court determined that Appellant was not eligible for the

---

* Retired Senior Judge assigned to the Superior Court.

Recidivism Risk Reduction Incentive Program (RRRI). 61 Pa.C.S. § 4505. Appellant did not file a post-sentence motion or direct appeal.[1]

On April 12, 2018, Appellant pro se filed the instant PCRA petition, claiming trial counsel was ineffective for failing to file a post-sentence motion or direct appeal. PCRA Petition, 4/12/2018, at 4. Counsel was appointed and filed a supplement to Appellant's PCRA petition on June 18, 2018.[2] Within the supplement, Appellant claimed that he is RRRI eligible based upon Cullen-Doyle, supra, and counsel was ineffective for failing to pursue RRRI eligibility in a post-sentence motion or on direct appeal. Supplement to Motion for Post Conviction Collateral Relief, 6/18/2018, at 1 (unnumbered). Appellant did not ask to have his post-sentence or direct appeal rights reinstated.

On June 25, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Specifically, the PCRA court found the underlying claim regarding RRRI

---

[1] The certified record includes a letter from Appellant asking counsel to file a post-sentence motion to, inter alia, ask the trial court to reconsider his eligibility for RRRI. Letter, 4/18/2017. It appears that this letter was sent to the clerk of courts, but there is no indication that it was forwarded to Appellant's counsel in violation of Pa.R.Crim.P. 576(A)(4).

[2] In the interim, Appellant pro se attempted to amend his petition to seek additionally RRRI eligibility under Commonwealth v. Cullen-Doyle, 164 A.3d 1239 (Pa. 2017) (holding that a single, present conviction for a violent crime does not constitute a history of violent behavior for purposes of determining RRRI eligibility). Petition for Modification of Relief, 5/3/2018, at ¶ 2.

- 2 -

eligibility to be without merit, and therefore concluded that Appellant failed to prove ineffective assistance of counsel in that regard. Notice of Intent to Dismiss, 6/25/2018, at 3-5 (unnumbered). Appellant's counsel did not file a response.[3] On July 30, 2018, the PCRA court dismissed Appellant's petition.

This timely-filed appeal followed.[4] On appeal, Appellant presents one question for our review: whether the PCRA court erred in dismissing Appellant's PCRA petition based upon Appellant's eligibility for RRRI pursuant to Cullen-Doyle, supra. Appellant's Brief at 2.

We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

Commonwealth v. Benner, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting Commonwealth v. Perry, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

---

[3] Appellant pro se filed a response on July 12, 2018, and a notice of appeal on July 13, 2018. Both documents were forwarded to counsel pursuant to Rule 576(A)(4).

[4] Appellant complied with Pa.R.A.P. 1925(b). In addition to a Pa.R.A.P. 1925(a) opinion, the PCRA court also referred this Court to its June 25, 2018 Notice of Intent to Dismiss memorandum.

Upon review of Appellant's brief, it is clear that Appellant's claim is really comprised of two arguments: (1) Appellant's sentence is illegal because the trial court failed to make Appellant RRRI eligible contrary to Cullen-Doyle; and (2) trial counsel was ineffective for failing to preserve this claim in a post-sentence motion or direct appeal. Appellant's Brief at 3-4. Thus, we also keep the following in mind. "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." Commonwealth v. Jones, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009).

By way of background, the General Assembly codified the RRRI Act (the Act), 61 Pa.C.S. §§ 4501-4512, in 2009.

> The Act is intended to encourage eligible offenders to complete Department of Corrections programs that are designed to reduce recidivism. Eligible offenders may also be able to take advantage of a reduced sentence. … [E]ligibility is conditioned, in relevant part, upon the absence of a "history of present or past violent behavior," although the Act does not define that phrase.

Cullen-Doyle, 164 A.3d at 1240 (citations omitted).

In Cullen-Doyle, the defendant pleaded guilty to several counts of criminal conspiracy and one count of burglary. At sentencing, the trial court found Cullen-Doyle ineligible for RRRI. 164 A.3d at 1241. Cullen-Doyle filed a post-sentence motion asking the court to reconsider his RRRI eligibility.

The court denied the motion, finding Cullen-Doyle ineligible based upon his conviction of burglary, a crime of violence, though "it was unclear whether the court was referring to the present offense or another, earlier offense." Id.

On appeal, the parties agreed that the record did not include a prior burglary conviction, and consequently filed a joint motion to remand for the lower court to clarify the basis for finding Cullen-Doyle ineligible for RRRI. This Court denied that motion, concluding that remand for clarification was unnecessary because Cullen-Doyle was ineligible for RRRI based on his present burglary conviction. Id. at 1241 (citing Commonwealth v. Cullen-Doyle, 133 A.3d 14, 16 n.4, 22 (Pa. Super. 2016)).

Our Supreme Court granted further review to consider whether Cullen-Doyle could be found ineligible for RRRI based solely on his present conviction for a crime of violence. Cullen-Doyle argued that the General Assembly did not intend the Act to exclude from RRRI eligibility "first-time, single-count offender[s.]" Id. at 1241. Our Supreme Court agreed. Specifically, in interpreting the phrase "history of present or past violent behavior" within the Act, our Supreme Court concluded that a single, present conviction for a violent crime does not constitute a history of violent behavior. Id. at 1244.

Here, the PCRA court distinguished Cullen-Doyle from Appellant's case because Appellant's ineligibility was based upon his prior juvenile

adjudication of simple assault as a second-degree misdemeanor and his continued violent criminal behavior into the present, not solely on his present convictions. Notice of Intent to Dismiss, 6/25/2018, at 4-5 (unnumbered).

On appeal, Appellant does not argue that his juvenile adjudication should not be considered in determining his RRRI eligibility. Instead, Appellant's argument consists of the bald claim that "[t]here does not appear to be any element of record to refuse RRRI eligibility to [Appellant] as a matter of course[,]" and a conclusion that "[Appellant's] prior record, his exemplary record as an inmate[,] and the applicable case law all support a designation of RRRI eligibility." Appellant's Brief at 3.

Upon review, we agree with the PCRA court that Cullen-Doyle is distinguishable because the trial court here did not rely solely on Appellant's present convictions in determining Appellant's RRRI eligibility. Rather, Appellant's prior juvenile adjudication of simple assault as a second-degree misdemeanor, in addition to his present convictions, rendered him ineligible pursuant to the Act. See 61 Pa.C.S. § 4503 (defining "eligible offender" for RRRI as a defendant who, inter alia, has not been adjudicated delinquent of a personal injury crime, excluding simple assault as a misdemeanor of the third degree, and "[d]oes not demonstrate a history of present or past violent behavior").

Because Appellant has a history of past and present violent behavior, based on his past adjudication of simple assault as a second-degree misdemeanor and his present convictions for aggravated assault and REAP, he was ineligible for RRRI. Thus, his sentence is not illegal and his claim that counsel was ineffective for failing to file a post-sentence motion or direct appeal on this basis does not entitle him to relief because Appellant's underlying claim is without merit. See Daniels, supra ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness."). Accordingly, the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2019