J-S30021-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MARKELL SATTERFIELD | : | |
| | : | |
| Appellant | : | No. 1687 WDA 2019 |

Appeal from the PCRA Order Entered October 14, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000135-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                FILED OCTOBER 22, 2020

James Markell Satterfield appeals the order denying his Petition for Modification of Relief, which the trial court treated as a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Satterfield argues he is serving an illegal sentence because the trial court did not impose a Recidivism Risk Reduction Incentive ("RRRI") minimum sentence[1] and did not award him proper credit for time served. We vacate the order and remand.

In November 2016, the police stopped the vehicle in which Satterfield was a passenger and found marijuana, plastic baggies, and a loaded firearm. See Affidavit of Probable Cause, 1/24/17. Satterfield admitted to police that

_____

[*] Former Justice specially assigned to the Superior Court.

[1] See 61 Pa.C.S.A. § 4505(c).

he was the owner of the items, and police arrested him. Satterfield has remained in custody since his arrest.

Satterfield ultimately pleaded guilty to Firearms Not to Be Carried Without a License and Possession and Use/Possession of Drug Paraphernalia.[2] At Satterfield's sentencing hearing in September 2017, the court observed that Satterfield had a previous firearms conviction, and that he was on parole when he committed the instant offenses. N.T., 9/5/17, at 10. The court then sentenced Satterfield to 36 to 72 months' imprisonment for the instant firearms conviction. The sentence was consecutive to his recommitment as a parole violator on his prior firearms conviction. For the drug convictions, the court sentenced Satterfield to 12 months' probation, consecutive to the instant sentence of imprisonment, and 30 days' probation and 75 hours of community service, concurrent to the 12 months' probation. The court did not address Satterfield's RRRI eligibility.

At sentencing, Satterfield asked the court for credit for time served in detention since his arrest. The court granted Satterfield credit for time served since the day of his arrest, November 18, 2016, but stated that the credit would apply to his parole revocation. Satterfield did not file a post-sentence motion or direct appeal.

On July 25, 2018, Satterfield filed a pro se "Petition for Modification of Relief," asking the court to impose a RRRI minimum sentence. The trial court

_____

[2] See 18 Pa.C.S.A. § 6106(a)(1), 35 Pa.C.S.A. § 780-113(a)(31)(i), and 35 Pa.C.S.A. § 780-113(a)(32), respectively.

- 2 -

treated the petition as a PCRA petition, and appointed Satterfield's trial counsel as PCRA counsel. The PCRA court denied Satterfield's petition, and Satterfield appealed. This Court remanded the case for the appointment of new PCRA counsel. See Commonwealth v. Satterfield, No. 1363 WDA 2018, 2019 WL 2334226, unpublished memorandum at *3 (Pa.Super. filed May 31, 2019).

On remand, following the appointment of new counsel, Satterfield filed a Supplement to his PCRA petition and an Amended Supplement. In addition to reasserting that he was RRRI eligible, Satterfield claimed that trial counsel was ineffective for failing to preserve a claim that he was RRRI eligible under Commonwealth v. Cullen-Doyle, 164 A.3d1239 (Pa. 2017). Amended Supplement, 9/18/19, at 1-2. Satterfield also alleged the court had failed to afford him proper time credit at sentencing. The PCRA court issued a notice of its intent to dismiss Satterfield's petition. Satterfield did not respond, and the PCRA court dismissed the petition.

> Satterfield appealed, and raises two issues for our review:
>
> A. Whether the lower Court committed legal error and abused its discretion in failing to grant PCRA relief relative to modification of the sentence in that the appellant should have been eligible for RRRI designation specifically under [Cullen-Doyle]?
>
> B. Whether the sentencing Court did not discern and assign proper time credit unto the sentence thereby the sentence constituted an illegal sentence?

Satterfield's Br. at 2.

Both of Satterfield's issues go to the legality of his sentence, and such issues are cognizable under the PCRA. See Commonwealth v. Fowler 930 A.2d 586, 592 (Pa.Super. 2007). We review the PCRA court's factual findings to determine only whether the record supports them. If it does, we defer to them. However, we review the PCRA court's legal conclusions de novo. Commonwealth v. Dozier, 208 A.3d 1101, 1103 (Pa.Super. 2019).

Satterfield first argues he was RRRI eligible pursuant to Cullen-Doyle because "he has not engaged in any conduct that would constitute a history of violent behavior as contemplated under the statutory elements for RRRI eligibility." Satterfield's Br. at 4-5. According to Satterfield, his prior firearms convictions "were of a passive nature involving mere possession of a loaded firearm without any further circumstances of violence or even intent to commit violence," and "passive possession of a firearm does not subvert the fundamental circumstance that he is susceptible to rehabilitation and is not prone to recidivism especially of a violent character." Id. at 6-7. Satterfield also argues that he has an exemplary record as an inmate and claims he has been compliant with his parole plan. Id. at 5.[3]

_____

[3] Satterfield also argues his trial counsel was ineffective for failing to pursue the RRRI issue at his sentencing hearing. His entire argument on this point is as follows:

> Moreover, [Satterfield] was afforded ineffective assistance of counsel for failure to pursue and preserve the application of RRRI eligibility relevant to that designation as stated in Cullen-Doyle given the failure of the sentencing court to even make reference

The PCRA court concluded that Satterfield's prior convictions rendered him ineligible for a RRRI sentence. The court explained that at the time he committed the instant offenses, Satterfield had a prior conviction for Firearms Not Be Carried Without a License, Intimidation of Witnesses or Victims, and Simple Assault, graded as a second-degree misdemeanor.[4] See Notice of Intent to Dismiss PCRA Without a Hearing, 9/20/19, at 1.

We agree that Satterfield was not eligible for an RRRI minimum sentence. The RRRI Act explicitly excludes from eligibility persons who have been "convicted of an offense . . . under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles)." See 61 Pa.C.S.A. 4503(2). Satterfield's prior firearms convictions are for offenses codified at 18 Pa.C.S.A. § 6106(a)(1), i.e., offenses "under 18 Pa.C.S. Ch. 61." He was not RRRI eligible for this reason alone.

_____

to such a designation. It was incumbent upon counsel to compel the pursuance of findings of fact and an adjudication as to RRRI eligibility on the record so that said issue could be fully and fairly litigated on the record.

Id. at 8. Satterfield waived the ineffectiveness issue by failing to include it in his Questions Presented, see Pa.R.A.P. 2116(a), and failed to properly support the argument in his brief. See Commonwealth v. Lambert, 797 A.2d 232, 243 (Pa. 2001) ("[A]ppellant's failure to forward relevant argumentation as to each necessary 'individual facet' of the [ineffectiveness] standard dooms his boilerplate claims to failure").

[4] Satterfield was convicted of 18 Pa.C.S.A. §§ 6106(a)(1), 4952(a)(1), and 2701(a)(1), on dockets 2231 of 2009, 1428 of 2010, and 1836 of 2010, respectively.

But that is not the only reason he was RRRI ineligible. The RRRI Act also excludes from eligibility persons who have been convicted of a personal injury crime, as defined in 18 P.S. § 11.103. See 61 Pa.C.S.A. § 4503(3). That section defines personal injury crimes, in relevant part, as offenses falling under Chapter 27 of Title 18, Pa.C.S.A., and Chapter 49, Subchapter B of Title 18, Pa.C.S.A. See 18 P.S. § 11.103. Satterfield's prior convictions for Simple Assault (codified at 18 Pa.C.S.A. § 2701) and Intimidation of Witnesses or Victims (codified at 18 Pa.C.S.A. § 4952) constitute such convictions. Although a conviction for Simple Assault graded as a misdemeanor of the third degree is not disqualifying,[5] Satterfield's prior conviction was for simple assault graded as a misdemeanor of the second degree. He was thus ineligible for a RRRI sentence due to these additional convictions.

Cullen-Doyle offers Satterfield no relief. There, the Pennsylvania Supreme Court addressed the language in the RRRI statute excluding from eligibility persons with a "history of present or past violent behavior." Cullen-Doyle, 164 A.3d at 1240 (quoting 61 Pa.C.S.A. § 4503). The Court held that that provision does not exclude a person from RRRI eligibility due to a single instance of "violence," which, in Cullen-Doyle, was the burglary conviction then on appeal. Id. at 1243. Here, the trial court found Satterfield ineligible due to his convictions for disqualifying offenses, and not a history of violent

_____

[5] See 61 Pa.C.S.A. § 4503, "Eligible person," (3).

behavior. The trial court properly determined that Satterfield was not RRRI eligible.

In his second issue, Satterfield argues the court improperly failed to award him credit for time served against the instant sentence. He contends the court erroneously ordered that the time credit would apply to his back time. Satterfield's Br. at 9. The PCRA court did not address this issue in its notice of intent to dismiss. In its Rule 1925(a) opinion, the court conclusorily states that it properly awarded time credit. Trial Ct. Op., 12/10/19, at 1.[6]

In applying Satterfield's time credit to his recommitment for his parole violation and not to his new sentences for the instant offenses, the trial court erred. If a defendant has been in pretrial custody not only because the defendant failed to post bail but also because there is a parole board detainer, credit for the time served applies to any sentence on the new charges. See Commonwealth v. Gibbs, 181 A.3d 1165, 1167 (Pa.Super. 2018) (quoting Commonwealth v. Mann, 957 A.2d 746, 751 (Pa.Super. 2008)). If the credit exceeds the length of the new sentence, the excess credit goes toward the recommitment sentence. Id. Where the court fails to apply the credit to the new sentence, we must vacate the sentence. Id. at 1168.

_____

[6] Satterfield's single notice of appeal does not pose a Walker problem. See Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). The order on appeal is the sentencing order from the instant trial court docket, and does not purport to award time credit against the parole recommitment. Rather, the trial court simply stated on the record at sentencing that the time credit would apply to the parole recommitment.

As Satterfield was in pretrial custody for the charges in this case, the trial court erred in concluding that his time credit would apply to his back time rather than his instant sentences. We therefore vacate the order of the PCRA court denying Satterfield relief on this issue, and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2020