J-A03030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN NAVARRO | : | |
| | : | |
| Appellant | : | No. 1106 EDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0510181-2006

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED MARCH 14, 2022**

Appellant, Juan Navarro, appeals from the Order dismissing as untimely his second Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"). We affirm.

On April 25, 2011, a jury found Appellant guilty of third-degree murder. The court sentenced him to 40 years' incarceration. This Court affirmed the judgment of sentence and our Supreme Court subsequently denied allowance of appeal on July 16, 2013. *Commonwealth v. Navarro*, 63 A.3d 819 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013). Appellant's judgment of sentence, thus, became final on October 14, 2013. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment).

Appellant timely filed his first PCRA petition which garnered no relief. On August 28, 2018, he filed his second PCRA petition *pro se* raising a layered

ineffective assistance of counsel claim based on a 2017 federal court case.[1] Appellant was not a party to the 2017 federal court case but attempted to use the holding in that case to establish that his counsel was ineffective at his trial. The PCRA court appointed counsel, who filed an amended petition on September 24, 2019, asserting that the reasonable doubt jury instruction provided at Appellant's trial was "constitutionally infirm and all prior counsel were ineffective for failing to object to this instruction." Amended Petition, 9/24/19, at 5.

The PCRA court filed a Pa.R.Crim.P. 907 notice on January 3, 2020, to which Appellant did not respond. On March 4, 2020, the court dismissed the petition as untimely, concluding Appellant had failed to plead any of the exceptions to the PCRA's one-year time-bar that are provided in Section 9545(b)(1).

Appellant filed a Notice of Appeal. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review:

1. Did the PCRA [c]ourt err and/or abuse its discretion when it dismissed appellant's PCRA petition as untimely filed?

2. Did the PCRA [c]ourt err and/or abuse its discretion when it dismissed appellant's PCRA petition where counsel was ineffective for failing to challenge a jury instruction regarding

---

[1] *See Brooks v. Gilmore*, 2017 WL 3475475 (E.D. Pa. Aug 11, 2017) (in which the federal district court granted *habeas corpus* relief to a petitioner after finding that a particular jury instruction regarding reasonable doubt given at his trial was unconstitutional).

reasonable doubt which violates appellant/defendant's Due Process rights?

Appellant's Br. at 5.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Dozier*, 208 A.3d 1101, 1103 (Pa. Super. 2019). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Id.* We give no such deference, however, to the court's legal conclusions. *Id.*

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed nearly five years after his Judgment of Sentence became final, is facially untimely. However, Pennsylvania courts may consider an untimely PCRA petition if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1) within one year of the date the claim could have been presented. 42 Pa.C.S §§ 9545(b)(1)(i-iii),(b)(2). Appellant did not assert the applicability of any timeliness exception.

"It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). In addition,

"subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii)[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011).

Appellant did not aver in either his *pro se* petition or his counseled amended petition that his claim was cognizable under any of the PCRA's timeliness exceptions. His claims of ineffective assistance of counsel and subsequent court opinions fail to provide Appellant with a means of overcoming the one-year time bar. Accordingly, this Court, like the PCRA court, is without jurisdiction to consider the merits of his ineffectiveness claim. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2022