J-S02039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ABEY R. SALAAM-ABDUL | : | |
| | : | |
| Appellant | : | No. 1036 MDA 2022 |

Appeal  FROM the PCRA Order Entered June 20, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001471-1999

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  APRIL 5, 2023**

Appellant, Abey R. Salaam-Abdul,[1] appeals from the Order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  Appellant asserts his sentence imposed upon revocation is illegal, and relies on **_Commonwealth v. Simmons_**, 262 A.3d 512 (Pa. Super. 2021), as fulfilling the newly discovered facts exception to the PCRA's one-year time bar.  After careful review, we affirm.

We provide only the facts and procedural history relevant to this appeal. In 2000, a jury convicted Appellant of six drug offenses and the court sentenced him to an aggregate term of three to twenty years' incarceration.

---

[1] Appellant's surname has been stated as either Salaam-Abdul or Abdul-Salaam throughout the history of this case.  Although Appellant's Notice of Appeal identifies Appellant as "Abey Abdul-Salaam," the relevant trial court docket identifies him as Abey R. Salaam-Abdul.  We do the same for consistency.

In addition, the court imposed on three of the six counts a twenty-year term of probation to commence upon Appellant's release from prison. On the remaining three counts, the court imposed an aggregate term of probation to begin in year six of Appellant's twenty-year probationary term and run concurrently through the remaining fourteen years. In 2003, while on parole and serving his first probationary term, Appellant committed new drug offenses for which he was tried, convicted, and sentenced in 2005.

Following the 2005 sentencing hearing, the court held a probation revocation hearing and found that Appellant had violated the terms of his probation. The court then resentenced Appellant, as follows: on the three counts that were subject to the initial twenty-year term of probation which Appellant was serving when he committed his 2003 offenses, the court resentenced him to forty-five months to fifteen years' incarceration. On the three counts for which the probationary term had not yet begun to run because Appellant had not yet reached the six-year mark in his probationary term, the court resentenced him to an aggregate term of two to ten years' incarceration, followed by three years' intermediate punishment. This Court affirmed the revocation sentence in 2009 and the Pennsylvania Supreme Court denied allowance of appeal on June 16, 2010. *See Commonwealth v. Abdul-Salaam*, 990 A.2d 34 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 996 A.2d 1067 (Pa. 2010).

On May 19, 2022, Appellant filed his second PCRA petition[2] *pro se*, asserting that the revocation court erred by anticipatorily revoking the probationary term which had not begun running at the time he committed his 2003 offenses and, therefore, his revocation sentence is illegal. He contended his petition fell within the PCRA's timeliness exception set forth at 42 P.S. 9545(b)(1)(ii), citing **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021), as a previously unknown fact which rendered his 2005 revocation sentence illegal.[3] On May 24, 2022, the PCRA court filed a Notice of Intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response. On June 20, 2022, the court dismissed the petition as untimely.

Appellant timely appealed *pro se*. He presents the following questions for our review:

> 1. Did the PCRA court err as a matter of law in Appellants burden of proof requirement of Section 42 Pa.C.S. 9545(b)(1)(ii)?
>
> 2. Did the PCRA court err as a matter of law in not correcting Appellant's statutory invalid and illegal sentences in the anticipatory revocation of Appellants probation in light of this Courts decision in **Simmons**, **supra**?

Appellant's Br. at 2B (*verbatim*).

---

[2] Appellant did not obtain relief from his first PCRA Petition filed in 2011.

[3] In **Simmons**, this Court held that a court may not anticipatorily revoke a term of probation when an offender commits a new crime after sentencing but before the period of probation has begun. 232 A.3d at 527.

A.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Dozier**, 208 A.3d 1101, 1103 (Pa. Super. 2019). This Court grants "great deference to the factual findings of the PCRA court" if they are supported by the record. **Id.** (citation omitted). For questions of law, "our standard of review is *de novo*[,] and our scope of review is plenary." **Id.** (citation omitted).

It is well-settled that "the timeliness of a PCRA petition is [] a jurisdictional requisite." **Commonwealth v. Zeigler**, 148 A.3d 849, 853 (Pa. Super. 2016). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012). If a petitioner fails to plead and prove a valid exception to the PCRA time-bar, neither the PCRA court nor this Court may review the merits of the claims raised in the petition. **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011).

Appellant filed the instant PCRA petition over eleven years after his revocation sentence became final. The petition is, thus, patently untimely. In his PCRA Petition, Appellant attempted to overcome the time-bar by asserting that **Simmons**, **supra**, presented a newly discovered fact to meet the Section

9545(b)(1)(ii) timeliness exception. **See** Motion for Post Conviction Collateral Relief, filed May 19, 2022, at 1.

The newly discovered fact exception requires that a petitioner plead and prove "that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence'" in the discovery of those facts. **Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007). The "petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010). Finally, the petitioner must raise the claim within one year from the time the claim could have been raised. 42 Pa.C.S. § 9545(b)(2).

Our Supreme Court has held "that subsequent decisional law does not amount to a new "fact" under section 9545(b)(1)(ii) of the PCRA." **See Commonwealth v. Watts**, 23 A.3d 980, 986-87 (Pa. 2011) (explaining that subsection (b)(1)(ii) "applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts."). **Watts** is dispositive of the instant appeal.

Here, the PCRA court properly exercised its discretion in concluding that it did not have jurisdiction to address Appellant's untimely PCRA petition. The PCRA court acknowledged that **Simmons** changed the law by precluding the anticipatory revocation of probation, but correctly observed that decisional law does not satisfy the newly discovered facts exception set forth in Section 9545(b)(1)(ii). **See** Notice of Intent to Dismiss, 5/24/22, at 6, citing **Watts**, **supra**.

- 5 -

Appellant has not addressed the PCRA court's reasoning or its reliance on **Watts**. Rather, he asserts that his sentence was illegal because **Simmons** prohibits the anticipatory revocation of probation so he should receive PCRA relief. While Appellant is correct that a legality of sentence claim is cognizable under the PCRA, the claim must still be raised within the PCRA's time limits or meet a timeliness exception. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within PCRA but must first satisfy the PCRA's time limits). As noted above, Appellant's reliance on **Simmons** does not satisfy the newly discovered fact exception to the PCRA's time limits. Thus, Appellant's petition is untimely and we are without jurisdiction to consider its merits.

Accordingly, we affirm the order dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/05/2023