J-S27022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN MICHAEL CROWLEY :
:
Appellant : No. 940 MDA 2022

Appeal from the PCRA Order Entered June 3, 2022
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002692-2017

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 15, 2023**

John Michael Crowley appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

We glean the following facts from the certified record. In August of 2016, Appellant was driving with his friend, using GPS technology on a cellphone to assist with navigation. While travelling on a highway, Appellant turned his vehicle around and proceeded southbound in a northbound lane. He continued at a slow rate of speed in the wrong direction when an oncoming car collided head-on with his vehicle. The other driver sustained serious injuries, including long-term memory loss, and the front half of both cars sustained extensive damage.

While being treated by paramedics at the scene, Appellant was interviewed by a Pennsylvania State Police trooper. Appellant denied drinking

alcohol and further claimed that he had been driving in the correct direction and that his car had been hit from behind just prior to the head-on collision. However, the damage and physical evidence were inconsistent with this explanation, and the results of an ensuing blood test demonstrated that his blood alcohol content was 0.149. Due to the foregoing, he was charged with driving under the influence ("DUI") and various other charges related to the collision and his impaired driving.

Following a jury trial, Appellant was convicted of two counts each of aggravated assault by vehicle while DUI, recklessly endangering another person, and DUI, as well as one count each of reckless driving and driving on a one-way roadway. The court imposed an aggregate term of 123 to 246 months of imprisonment, followed by four years of probation. Appellant filed a motion for reconsideration of sentence, which the court denied. We quashed his untimely appeal to this Court.

Thereafter, Appellant timely filed his first PCRA petition with the assistance of counsel. Appellant asserted that his trial counsel, Alfonso Gambone, Esquire, was ineffective for not presenting evidence taken from an application on Appellant's cellphone that purportedly would have shown that his car was not travelling in the wrong direction on the highway when the crash occurred. *See* PCRA Petition, 11/15/19, at 10-11.[1]

---

[1] Appellant's PCRA petition initially raised four claims, but he withdrew all except one at the PCRA hearing. *See* N.T. PCRA Hearing, 11/16/21, at 4.

The PCRA court held an evidentiary hearing regarding the petition, wherein Attorney Gambone, Appellant, and Appellant's stepmother testified. Ultimately, the court denied the petition, finding that trial counsel had a reasonable basis for not introducing the requested evidence. *See* PCRA Court Opinion, 6/2/22, at 7-8. This timely appeal followed, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review: "Did the PCRA court err when it held that trial counsel's decision to not present certain evidence was 'reasonable' where the evidence was helpful to the defense, corroborated by evidence the Commonwealth offered, and superior to the doomed alternative strategy chosen by counsel?" Appellant's brief at 6 (cleaned up).

This Court's standard of review of a court's denial of PCRA relief is as follows:

> [A] trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Parker*, 249 A.3d 590, 594 (Pa.Super. 2021). Our "scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party." *Commonwealth v. Flor*, 259 A.3d 891, 911 (Pa. 2021). This Court grants "great deference to the factual findings of the PCRA court." *Commonwealth*

*v. Dozier*, 208 A.3d 1101, 1103 (Pa.Super. 2019) (cleaned up). However, "we afford no such deference to [the PCRA court's] legal conclusions." *Id*. (cleaned up).

It is well-settled that counsel is presumed to be effective, and Appellant bears the burden of proving otherwise. *See Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa.Super. 2020) (*en banc*). To prevail on a claim that counsel was ineffective, Appellant must establish the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id*. (cleaned up). "A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs." *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). Further, "[w]e are not required to analyze the elements of an ineffectiveness claim in any particular order." *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019).

Since the PCRA court found that Appellant failed to establish the reasonable basis prong, it is on that prong that we focus. In that regard, counsel is deemed effective if his actions were rationally "designed to effectuate his client's interests." *Commonwealth v. Hawkins*, 257 A.3d 1, 8 (Pa.Super. 2020) (cleaned up). As such, "if we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and

counsel's assistance is deemed effective." ***Commonwealth v. Mullen***, 267 A.3d 507, 512 (Pa.Super. 2021) (cleaned up). Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1094 (Pa.Super. 2019) (cleaned up).

Appellant's sole claim on appeal is that trial counsel was ineffective for not proffering certain documents, namely screenshots from a GPS application on Appellant's cellphone indicating his location at the time surrounding the accident. ***See*** N.T. PCRA Hearing, 11/16/21, at 8. Appellant contends that this evidence would have exculpated him, arguing that it proves he was not travelling southbound in a northbound lane at the time of the accident. ***See*** Appellant's brief at 8. Furthermore, Appellant alleges that the screenshots would have bolstered the testimony of the passenger in Appellant's vehicle that they had been struck from behind before being hit head-on. ***Id***. Therefore, Appellant asserts that trial counsel had no reasonable basis for declining to offer this allegedly exculpatory evidence. ***Id***. at 13-14, 16.

In rejecting this claim, the PCRA court determined that Attorney Gambone articulated a reasonable basis at the PCRA hearing for his decision eschewing presentation of the screenshots. ***See*** PCRA Court Opinion, 6/2/22, at 7-8. There, counsel attested that the screenshots showed the direction that Appellant's vehicle travelled but did not show the precise position of the

vehicle. *See* N.T. PCRA Hearing, 11/16/21, at 11-13. Likewise, the evidence did not establish the car's exact position when it collided with the oncoming driver. *Id*. at 19. Moreover, Attorney Gambone testified that he interviewed multiple potential experts concerning the GPS evidence but could not find one whom he found persuasive or competent enough to aid Appellant's defense. *Id*. at 16. Indeed, none of the experts whom he interviewed could interpret the GPS data in a clear and meaningful manner, nor could an accident reconstruction expert aid Appellant's contention of how the accident occurred. *Id*. at 14, 16-17. Hence, due to the inconclusive nature of the GPS screenshots, Attorney Gambone worried that introducing them would confuse the jury and hurt his client's chances of a successful verdict. *Id*. at 15-16.

Based on the foregoing testimony, we conclude that the PCRA court did not err in determining that Attorney Gambone had a reasonable basis not to proffer the evidence that Appellant wished. Attorney Gambone consulted multiple experts who could not conclusively or persuasively explain the meaning of the GPS screenshots. Our Supreme Court has held that "[a]n attorney will not be deemed ineffective for choosing not to present expert testimony in support of a particular defense if an expert, after conducting a reasonable evaluation, informed the attorney that he could not aid the defense(s) at issue." *Commonwealth v. Mason*, 130 A.3d 601, 624 (Pa. 2015) (cleaned up). Moreover, Attorney Gambone expressed concern that introducing ambiguous evidence that did not even show the precise position

of Appellant's vehicle at the time surrounding the accident would confuse the jury or even harm his client's chances of a successful verdict. Therefore, he declined to present the GPS screenshots and instead believed that his best trial strategy entailed casting doubt on the Commonwealth's witnesses and evidence. **See** N.T. PCRA Hearing, 11/16/21, at 14-15. "Because the strategy actually pursued by trial counsel was reasonably designed to effectuate Appellant's interests, he has failed to demonstrate a lack of reasonable basis." **Commonwealth v. Hanible**, 30 A.3d 426, 442 (Pa. 2011).

In sum, Appellant has not proven that trial counsel was ineffective and had no reasonable basis for his actions. Accordingly, we will not disturb the order of the PCRA court, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/15/2023