J-S26037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERECK WELLS | : | |
| | : | |
| Appellant | : | No. 2786 EDA 2022 |

Appeal from the PCRA Order Entered September 30, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007429-2007

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 20, 2023**

Dereck Wells appeals the dismissal of his Post Conviction Relief Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. He claims the PCRA court erred in denying his petition as untimely. We affirm.

Wells pled guilty on January 7, 2008, to possession of an instrument of crime.[1] The court sentenced him to a term of time served to 23 months' incarceration and three years of reporting probation. Before Wells began serving his probationary sentence, the trial court found him in violation of probation and resentenced him, in July 2010.[2]

_____

[1] 18 Pa.C.S.A. § 907(b).

[2] The trial court sentenced Wells to one and one half to three years' incarceration to be served consecutively to an unrelated case. ***See*** Certificate of Imposition of Judgment of Sentence, filed 7/27/10 (noting sentence to run consecutive with Dockets 6352-09 and 6558-09; PCRA Petition, filed 5/12/22,
*(Footnote Continued Next Page)*

In May 2022, Wells filed the instant counseled PCRA petition. He claimed that the court had imposed an illegal sentence when it revoked his probation before it had begun. He maintained that pursuant to **Commonwealth v. Simmons**, 262 A.3d 512 (Pa.Super. 2021) (*en banc*), "a court does not have authority to revoke a defendant's consecutive term of probation for offending conduct occurring during the parole sentence before the term of probation has begun." PCRA Petition, filed 5/12/22, at ¶ 7. Wells claimed the unknown facts time-bar exception under Section 9545(b)(1)(ii), noting that "**Simmons** was issued on August 18, 2021[.]" **See id.** at ¶ 8.

The PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing. The court explained that judicial decisions are not "new facts[.]" Rule 907 Notice, filed 8/29/22, at ¶ 21. The court also determined that **Simmons** was not "a United States or Pennsylvania Supreme Court case recognizing a new right and held to be retroactive." **Id.** at ¶ 23. The PCRA court ultimately dismissed Wells' petition, and this timely appeal followed.

Wells raises the following issue: "Did the PCRA court err in determining that [Wells'] PCRA petition was untimely and [Wells] was not entitled to relief under **Commonwealth v. Simmons**, 262 A.3d 512 (Pa.Super. 2021)?" Wells' Br. at 2.

---

at ¶ 4 n.1 ("This revocation sentence was ordered to run consecutively to a sentence of 5 to 10 years of incarceration plus 5 years of probation for robbery, a first- degree felony, imposed on docket number CP-23-CR-0006352-2009 on July 27, 2010").

When reviewing the denial of PCRA relief, we determine whether the ruling of the PCRA court is supported by the record and free of legal error. *See Commonwealth v. Dozier*, 208 A.3d 1101, 1103 (Pa.Super. 2019). Where a question of law is raised, our standard of review is *de novo* and our scope of review plenary. *Id.*

We do not address the merits of Wells' claim because his petition is untimely. "The timeliness of a post-conviction petition is jurisdictional." *Commonwealth v. Furgess*, 149 A.3d 90, 92 (Pa.Super. 2016). Any PCRA petition must be filed within one year after the judgment of sentence is final "unless the petition alleges and the petitioner proves" an exception to the one-year deadline. 42 Pa.C.S.A. § 9545(b)(1); *see Commonwealth v. Staton*, 184 A.3d 949, 954 n.4 (Pa. 2018). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The time-bar exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii).

Here, the PCRA court properly dismissed Wells' petition as untimely. Wells' judgment of sentence became final on July 27, 2011. Therefore, the instant PCRA petition filed in 2022 was untimely unless Wells pleaded and proved an exception. In his PCRA petition, Wells claimed that he satisfied the unknown facts exception, namely the issuance of the *Simmons* case. *See id.* at § 9545(b)(1)(ii). However, "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Furthermore, though Wells challenges the legality of the sentence, a PCRA petition raising such a claim is still subject to the PCRA's time restrictions. *See Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa.Super. 2007) ("[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto" (citation omitted)).

In his reply brief, Wells maintains he satisfied the new constitutional right exception under Section 9545(b)(1)(iii) based on *Commonwealth v. Rosario*, 294 A.3d 338 (Pa. 2023). The *Rosario* Court held that "the anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law." 294 A.3d at 356. Wells maintains that the *Rosario* decision "should apply retroactively to [his] case[.]" Wells' Reply Br. at 1, 2.

To satisfy the new constitutional right time-bar exception, a petitioner must plead and prove that: 1) "there is a 'new' constitutional right" recognized

by either the Pennsylvania Supreme Court or the United States Supreme Court; and 2) "the right 'had been held' by that court to apply retroactively." ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002).

Here, Wells raised the "new constitutional right" for the first time in his reply brief in this Court. He did not mention it in his PCRA petition. It is therefore waived. ***See*** Pa.R.A.P. 302(a); 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004) ("The [PCRA] makes clear that where, as here, the petition is untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies" (cleaned up)). Moreover, ***Rosario*** has not been held to apply retroactively. The PCRA court committed no error in dismissing Wells' petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023