J-S24027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAUN MICHAEL HOWARD | : | |
| | : | |
| Appellant | : | No. 182 WDA 2023 |

Appeal from the PCRA Order Entered January 9, 2023
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000591-2014

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:              **FILED:  August 13, 2024**

Shaun Michael Howard ("Howard") appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Howard's counsel ("Counsel") has filed a petition to withdraw from representation and a "no-merit" brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, "***Turner/Finley***").  We affirm the order denying relief and grant Counsel's petition to withdraw.

A jury convicted Howard of seven counts each of rape by forcible compulsion, rape of a child, involuntary deviate sexual intercourse by force, involuntary deviate sexual intercourse with a child less than thirteen years of

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

age, and incest of a minor – child less than thirteen years of age, and related offenses for various sexual assaults he inflicted on his then 11-year-old daughter. The trial court imposed an aggregate sentence of forty-five to one hundred and four years. *See Commonwealth v. Howard*, 168 A.3d 293 (Pa. Super. 2017) (unpublished memorandum).

Howard filed a timely appeal asserting two violations of the Confrontation Clause of the United States constitution. This Court affirmed Howard's judgment of sentence. *See id*. On October 21, 2021, Howard filed a *pro se* PCRA petition asserting, *inter alia*, exceptions to the statutory time-bar. *See* PCRA Petition, 10/21/21, at 2, 4. The PCRA court dismissed the petition without a hearing. *See* Order, 1/24/22. On appeal, this Court remanded for the PCRA court to consider Howard's right to counsel. The PCRA court determined Howard had a right to counsel. This Court vacated the denial of PCRA relief, relinquished jurisdiction, and remanded the case to the PCRA court. *See* Order, 6/2/22.

During the pendency of Howard's appeal to this Court, he filed a second PCRA petition. The PCRA court ordered appointed counsel to file a pleading or indicate that no amendment would be filed. Appointed counsel failed to respond. The Commonwealth filed a motion to dismiss Howard's petition as untimely. Appointed counsel filed an answer agreeing Howard's petition was untimely. *See* Answer, 12/27/22, at ¶ 21. The PCRA court denied and

dismissed the petition, explaining its rejection of Howard's assertions of time-bar exceptions. **See** Opinion and Order, 1/5/23.

Howard appealed. Appointed counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), asserting that Howard's claims lacked merit, but failed to file a contemporaneous petition to withdraw, or a copy of "notice of rights" letter to Howard.[2] This Court struck appointed counsel's filing and the PCRA court appointed Counsel, who has filed a "no-merit" brief pursuant to **Turner/Finley**.

When presented with a **Turner**/**Finley** "no merit" brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019). A **Turner**/**Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the appellant wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the appellant's issues are meritless. **See id.** Counsel must send a copy of the brief to the appellant, along with a copy of the petition to withdraw, and inform the appellant of the right to proceed *pro se* or to retain new counsel. **See id.** If the brief meets these requirements, this Court will conduct an independent review of the appellant's issues. **See id**.

---

[2] **Anders** applies to direct appeals, not appeals from the denial of PCRA relief.

Our review of the petition to withdraw and "no-merit" brief reveals that Counsel substantially complied with **Turner**/**Finley**'s procedural requirements by detailing his review of the case, listing the issues Howard wished to raise, and explaining why she believed this appeal to be frivolous. **See Knecht**, 219 A.3d at 691; **see also Turner**/**Finley** Brief at 21-34. Counsel has also attached to her petition to withdraw a letter to Howard advising him of his right to proceed *pro se* or with private counsel. **See** Application to Withdraw as Counsel, 2/5/24, Exhibit C. Accordingly, we conclude that Counsel has met the technical requirements of **Turner/Finley**, and we will proceed to address the issues Counsel identified in the **Turner/Finley** brief.

The claims counsel identifies relate to the PCRA court's denial of Howard's petition. This Court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and free of legal error. **See Commonwealth v. Kretchmar**, 189 A.3d 459, 462 (Pa. Super. 2018). We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. We grant no such deference to the PCRA court's legal conclusion, over which our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Dozier**, 208 A.3d 1101, 1103 (Pa. Super. 2019).

Counsel identifies Howard's claim that the victim has asserted his innocence as a newly discovered fact, 42 Pa.C.S.A. 9545(b)(1)(ii), and

- 4 -

***Crawford v. Washington***, 541 U.S. 36 (2004), as a constitutional decision to be applied retroactively to his case, 42 Pa.C.S.A. 9545(b)(1)(iii).  Counsel also cites Howard's assertion in his December 28, 2021, Motion for Reconsideration that he did not learn about the PCRA statute until March 2021. ***See Turner/Finley*** Brief at 22-23.

Counsel correctly explains that Howard's alleged lack of knowledge of the PCRA does not excuse his untimely filing.  ***See id***. at 24, *citing* ***Commonwealth v. Baldwin***, 789 A.2d 728, 731 (Pa. Super. 2001).  Counsel further explains Howard's government interference assertion on alleged misconduct in 2014 and 2015 as conduct that Howard was aware of at the time it occurred, and thus, those officials could not have interfered with Howard's filing of his subsequent PCRA petitions.  ***See id***. at 25.  Regarding Howard's claim of newly discovered evidence, ***see*** 42 Pa.C.S.A. §9545(b)(1)(ii), Howard offered no basis to conclude he did not previously know of it or could not have discovered the information asserted with the exercise of due diligence.  ***See Turner/Finley*** Brief at 26-27.  Howard's claim that witnesses could have testified to his drunkenness at the time of his arrest fails for the same reasons.  ***See id***. at 27-28.[3]  With regard to his sister, Melissa Butler's, proposed evidence that the victim told her that Howard was not guilty, counsel notes Howard identifies statements made in 2014 and

_____

[3] Additionally, although counsel fails to mention it, it is unclear why Howard's intoxication when arrested, even if true, would have any exculpatory force.

2015. Thus, these alleged statements were made in advance of Butler's trial testimony; furthermore, Howard failed to state when he became aware of the victim's alleged statement, and Howard failed to show he could not have discovered the evidence earlier with the exercise of due diligence, pursuant to 42 Pa.C.S.A. § 9545(b)(2). *See id*. at 28-31. Howard's final newly discovered evidence assertion, that his mother believed there were errors in his case, aside from the fact it is not newly discovered evidence, was not timely asserted. *See id*. at 31-32.

As to Howard's assertion that *Crawford* meets the criterion of a new Constitutional decision retroactively applied, *see* 42 Pa.C.S.A. §9545(b)(1)(iii), the United States Supreme Court decided that case in 2004, and Howard was arrested in 2014, and convicted in 2015. Thus, *Crawford* cannot constitute the basis of a constitutional right "recognized by the Supreme Court of the United States . . . after the time period provided in this section and . . . held by that court to apply retroactively." 42 Pa.C.S.A. 9545(b)(1)(iii). *See Turner/Finley* Brief at 32-33. Counsel's brief closely tracks the PCRA court's reasoning in its order Opinion. *See* Opinion, 1/5/23, at 2-6.

Having independently reviewed the record and the PCRA court's findings of fact and conclusions of law, we conclude that the record supports the PCRA court's findings and that its conclusions are legally sound. For these reasons, we agree with Counsel's assessment that there are no meritorious issues in

- 6 -

this appeal. Accordingly, we affirm the order denying Howard's PCRA petition and grant Counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/13/2024