J-S03043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HORACE L. JACKSON | : | |
| | : | |
| Appellant | : | No. 264 EDA 2022 |

Appeal from the PCRA Order Entered December 20, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011377-2015

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:               **FILED APRIL 12, 2023**

Horace Jackson ("Jackson") appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  Additionally, Jackson's counsel ("Counsel") has filed a petition to withdraw from representation and a "no-merit" brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).[2]

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **Anders** applies in direct appeals, not PCRA appeals, which are governed by **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, "**Turner/Finley**").  Counsel's incorrect citation does not impair our review. "Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner**/**Finley** 'no-merit letter' is the appropriate filing.  However, because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014) (some quotation marks, brackets, and citation omitted).

As summarized by this Court on direct appeal, the facts relevant to this appeal are as follows. In 2015, Paul Ravenscraft ("Ravenscraft") and Jesse Weller ("Weller") arrived by truck at a Family Dollar Store on Germantown Avenue in Philadelphia to make an early-morning delivery. Ravenscraft took off his glasses and napped in the cab of the truck while Weller stayed in the rear of the truck scanning items and preparing to make the delivery.

Jackson, who wore a distinctive jacket and a jump suit, approached the truck, and spoke briefly with Weller. He left but quickly returned. While keeping his hand at his side as if armed, Jackson repeatedly said that he would shoot Weller if he did not hand over money. Jackson tried to climb into the truck. Weller discovered that Jackson did not have a gun and grabbed a metal bar. Jackson left the truck; Weller called 9–1–1.

Jackson approached the truck cab, opened the door, and demanded money from Ravenscraft. As Jackson started to enter the cab, Ravenscraft fled through the other door. He also called 9–1–1. Jackson left the scene.

Police responded to the scene, took information from the complainants, and broadcast Jackson's description. Officers detained Jackson more than one mile away. Brought to that location, Weller identified Jackson as the man who attempted to rob him. Jackson still wore the distinctive jacket Weller had seen him wearing at the time of the robbery. Police took Jackson to the detective division, where he gave a statement admitting to being at the scene at the Family Dollar Store and interacting with Weller and Ravenscraft. ***See***

*Commonwealth v. Jackson*, 2018 WL 2017320 at *2 (Pa. Super. 2018) (unpublished memorandum).

A jury convicted Jackson of robbery as a first-degree felony, possession of an instrument of crime, attempted theft, and attempted receipt of stolen property. The trial court imposed an aggregate sentence of ten to twenty years of imprisonment and a consecutive term of five years of probation. On appeal, this Court affirmed the judgment of sentence in all but one respect, the grant of a judgment of acquittal on the charge of possession of an instrument of crime. *See id*.

Jackson filed a timely *pro se* PCRA petition asserting trial counsel's ineffectiveness for rejecting a plea offer. Jackson's then-PCRA counsel twice attempt to file a *Turner/Finley* "no merit" brief and withdraw, but the PCRA court denied both attempts. That counsel then filed an amended petition raising two claims: trial counsel had ineffectively advised Jackson to reject a reduced plea offer of five-to-ten years of imprisonment, and failed to investigate his competence. The Commonwealth agreed to an evidentiary hearing on the first claim.

At the hearing, Jackson testified that he had received the Commonwealth's plea offer of seven to fourteen years of imprisonment, as well as notice that he faced a mandatory minimum sentence of ten to twenty years of imprisonment. *See* N.T., 10/5/20, 6-7. He said that although he never discussed the seven-to-fourteen-year offer with trial counsel, he

- 3 -

decided to reject the offer and go to trial. *See id*. at 8. Jackson also testified that the Commonwealth made a reduced offer, conveyed orally, of five-to ten years of imprisonment, and that trial counsel urged him to reject that order because she could "beat[] the case." *See id*. at 7, 9-10. Jackson testified that if he had it all to do over knowing what he now knows, he would have accepted that offer. *See id*. at 11. Trial counsel testified that she had no recollection of receiving a five-to-ten-year offer, would have recommended that Jackson accept it, and never said she could "beat" the Commonwealth's case. *See id*. at 19-22. The PCRA court continued the hearing and ordered the Commonwealth to produce any evidence it had concerning plea offers, the Defender Association (which represented Jackson at trial) to disclose Jackson's complete file, and the prosecutor at Jackson's case to testify. *See* Order 12/1/20.

At the reconvened hearing, the trial prosecutor testified that there had been only one offer in the case: a seven-to-fourteen-year term of imprisonment. *See* N.T., 6/10/21, 10-14. The Defender Association's file contained no indication that the prosecutor had made an offer of five-to-ten years of imprisonment. *See* N.T., 6/24/21, 3-4.

The PCRA court subsequently found that Jackson knew about the seven-to-fourteen-year offer, that there had never been a five-to-ten-year offer, and that Jackson would have rejected the seven-to-fourteen-year offer. *See* Findings of Fact, Conclusions of Law and Order sur PCRA Petition, 12/20/21,

at ¶¶ 23-41. It therefore rejected Jackson's assertion of ineffectiveness concerning the non-existent five-to-ten-year offer. *See id*. at 45-48.

The PCRA court denied Jackson's petition on December 20, 2021, but did not grant PCRA counsel leave to withdraw. Then-PCRA counsel filed a notice of appeal. The PCRA court granted PCRA counsel's petition to withdraw, and instant Counsel assumed Jackson's representation. Thereafter, Counsel filed a petition to withdraw and a "no merit" brief.

When presented with a *Turner*/*Finley* "no merit" brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019). A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the appellant wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the appellant's issues are meritless. *See id.* Counsel must send a copy of the brief to the appellant, along with a copy of the petition to withdraw, and inform the appellant of the right to proceed *pro se* or to retain new counsel. *See id.* If the brief meets these requirements, this Court will conduct an independent review of the appellant's issues. *See id*.

Our review of the petition to withdraw and "no-merit" brief reveals that Counsel substantially complied with *Turner*/*Finley*'s procedural requirements by detailing his review of the case, listing the issues Jackson wished to raise, and explaining why he believed this appeal to be frivolous. *See Knecht*, 219

A.3d at 691; **see also** Application to Withdraw as Counsel, 9/30/21, at 1-2; "No-Merit" Brief at 12-15. Counsel has also attached to his petition to withdraw a letter to Jackson advising him of his right to proceed *pro se* or with private counsel. **See** Application to Withdraw as Counsel, 12/17/21, at 6. Accordingly, we conclude that Counsel has met the technical requirements of **Turner/Finley**, and we will proceed to address the issues Counsel identified in the **Turner/Finley** brief.

The claims counsel identifies relate to the PCRA court's denial of Jackson's petition. This Court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and free of legal error. **See Commonwealth v. Kretchmar**, 189 A.3d 459, 462 (Pa. Super. 2018). We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. We grant no such deference to the PCRA court's legal conclusion, over which our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Dozier**, 208 A.3d 1101, 1103 (Pa. Super. 2019).

To prevail on a claim of ineffective assistance, an appellant must prove that:

> the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice. Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable possibility that, but for counsel's error, the outcome of the proceeding would

have been different. . ... Failure to establish any prong of the test will defeat an ineffective assistance claim.

***Commonwealth v. Smith***, 995 A.2d 1143, 1150-51 (Pa. 2010) (internal citations and quotations omitted). Counsel is presumed effective. ***See Commonwealth v. Hancharik***, 633 A.2d 1074, 1078 (Pa. 1993). To overcome that presumption, a defendant must show that his claim has arguable merit; counsel can never be ineffective for failing to raise a meritless claim. ***See Commonwealth v. Washington***, 927 A.2d 586, 608 (Pa. 2007).

As a first potential issue, Counsel identifies Jackson's assertion that trial counsel failed to discuss the Commonwealth's seven-to-fourteen-year plea offer and convinced him not to accept the Commonwealth's subsequent, reduced offer of five-to-ten years of imprisonment. Although an attorney has a duty to consult with his client regarding important decisions, including matters of defense strategy,

> [t]hat obligation . . . does not require counsel to obtain the defendant's consent to every tactical decision. . ... [C]ertain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant by a surrogate. A defendant . . . has the ultimate authority to determine whether to plead guilty, waive a jury, testify in his or her own behalf or take an appeal. Concerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action.

***Commonwealth v. Brown***, 18 A.3d 1147, 1158 (Pa. 2011) (quotations, parenthetical, and internal citations omitted), quoting ***Florida v. Nixon***, 543 U.S. 175, 187 (2004). To prevail on a claim of counsel's ineffectiveness for failing to communicate a plea offer, a defendant must prove: (1) the existence

of the offer; (2) trial counsel's failure to inform him of the offer; (3) trial counsel's lack of a reasonable basis for failing to inform him of the offer; and (4) prejudice from the ineffectiveness. *See Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa. Super. 2005). Prejudice in this context means that had defendant known of the offer, he would have accepted it. *See Missouri v. Frye*, 566 U.S. 124, 147 (2012).

Counsel explains that although there is no evidence that trial counsel discussed the seven-to-fourteen-year plea offer with Jackson, Jackson testified at the PCRA hearing that he rejected that offer and elected to go to trial. *See* "No Merit" Brief at 13, citing N.T., 10/5/20, at 3, 8. Thus, Jackson cannot show prejudice from counsel's actions.

Counsel also explains that the PCRA court rejected Jackson's assertion that the prosecution made a subsequent plea offer of five-to-ten years, and credited the trial prosecutor's testimony that he never made such an offer. *See* "No Merit" Brief at 14, citing PCRA Court Opinion, 12/20/21, at 5. Because there is record support for the PCRA court's finding, Jackson's claim has no merit. *See Dozier*, 208 A.3d at 1103.

Counsel also addressed Jackson's claim of trial counsel's ineffectiveness for failing to investigate his competency as a potential second issue. A defendant is presumed to be competent and must establish by a preponderance of the evidence his inability to understand the proceedings against him or participate in his own defense. *See Commonwealth v.*

***Santiago***, 855 A.2d 682, 694 (Pa. 2004). As counsel explains, Jackson never offered any evidence to show that compromised mental health at the time of trial, and the PCRA court did not grant an evidentiary hearing on that claim. ***See*** "No Merit" Brief at 15.

Having independently reviewed the record and the PCRA court's findings of fact and conclusions of law, we conclude that the record supports the PCRA court's findings and that its conclusions are legally sound. For these reasons, we agree with Counsel's assessment that there are no meritorious issues in this appeal. Accordingly, we affirm the order denying Jackson's PCRA petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2023