J-S02031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN MICHAEL SCHLAGER | : | |
| | : | |
| Appellant | : | No. 853 MDA 2022 |

Appeal  from the PCRA Order Entered April 29, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004884-2004

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MAY 31, 2023**

Appellant, Damien Michael Schlager, appeals *pro se* from the Order dismissing his second PCRA[1] petition as untimely.[2]  He asserts that the PCRA court erred in concluding that a report—rendered by a ballistic expert 11 years after Appellant's judgment of sentence became final—did not satisfy either the government interference or the newly discovered fact exceptions to the PCRA's filing time bar.  After careful review, we affirm.

In 2006, a jury convicted Appellant of first-degree murder and murder of an unborn child in connection with the shooting death of his pregnant

---

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.

[2] On January 12, 2023, Appellant filed a Motion for Extension of Time to File a Reply to the Commonwealth's Answer to Appellant's Brief.  Upon review, we grant this motion and accept the Reply Brief he filed on January 18, 2023.

girlfriend.[3] On February 22, 2006, the trial court imposed two consecutive life sentences. This Court affirmed, our Supreme Court denied allowance of appeal, and the U.S. Supreme Court denied *certiorari*. ***Commonwealth v. Schlager***, 953 A.2d 606 (Pa. Super. 2008), *appeal denied*, 959 A.2d 929 (Pa. 2008), *cert. denied sub nom*, ***Schlager v. Pennsylvania***, 556 U.S. 1194 (2009). His Judgment of Sentence became final on April 20, 2009.[4]

Appellant's first PCRA petition failed to garner relief. ***See Commonwealth v. Schlager***, No. 1597 MDA 2012, 2013 WL 11254070 (Pa. Super. filed Oct. 22, 2013) (non-precedential decision) (affirming denial of PCRA relief).

Appellant *pro se* filed his second PCRA Petition on October 8, 2021, based on a report he received from a ballistics expert, Mr. Frederick Wentling, in June 2021. ***See*** Second Petition Under the [PCRA] and Supporting Memorandum ("Second Petition"), 10/8/21, at 17-18 (unpaginated). ***See***

---

[3] Appellant testified at trial and maintained that, after he drove Larry Harcum and the victim to a quarry in the woods, Mr. Harcum shot the victim outside of Appellant's truck and then wiped down the truck with a shirt and a towel. N.T., 12/13/05, at 37, 49-50. Mr. Harcum testified that he did not know the victim, and that Appellant confessed to him that he drove the victim to the quarry and shot her in the head. In addition, the jury heard recordings of Appellant confessing to the crime and providing detailed directions to Mr. Harcum of where to locate the body so he could help dispose of it. ***See*** N.T., 12/12/05, at 128, 135-39.

[4] "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Appellant's judgment became final on April 20, 2009, when the U.S. Supreme Court denied review.

*also* Letter from Mr. Wentling to Appellant, 6/25/21 ("Wentling Report").[5] Appellant asserted that this second petition fell within the PCRA's timeliness exceptions because Mr. Wentling's report is a newly discovered fact and Mr. Wentling's testimony will establish that Appellant is innocent of the charges. *Id*. at 7.[6]  Appellant also averred that the PCRA court's refusal to provide funds to Appellant to hire the ballistics expert for his first post-conviction petition amounted to "governmental interference," and a violation of his Sixth and Fourteenth Amendment rights.  *Id.* at 4-5.[7]

On March 25, 2022, the PCRA court issued a Notice of Intent to Dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  Appellant did not respond.[8]  On April 7, 2022, the court dismissed the petition as untimely.

---

[5] In his report, Mr. Wentling noted that he reviewed the trial transcripts, trial evidence, and the expert report presented at trial and concluded that "the laboratory reports and their results appear to be inconclusive as to [Appellant's] role in this homicide."  Wentling Report, 6/15/21, at 6.  The report then opined that "the defense did not emphasize this point through the testimony of these scientists and examiner."  *Id*.

[6] Appellant did not file an affidavit from Mr. Wentling indicating that he was willing to testify at a PCRA hearing and to what he would testify.

[7] After filing this second petition, Appellant also filed a Motion for the Appointment of Mr. Wentling and a Motion for Discovery.  The court ultimately denied those motions after dismissing the instant PCRA petition as untimely.

[8] Appellant asserts he did not receive the Rule 907 Notice.  We address this issue *infra*.  Significantly, Appellant characterizes his supplemental brief as his exercising his "constitutionally protected right to address" the court's Rule 907.  Appellant's Supp. Br. at 4-5.

Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925. Appellant *pro se* raises the following issues for our review:

> 1. Did the trial court error when it denied Appellant's PCRA Petition without a hearing and deemed it as untimely?
>
> 2. Did the trial court error when it denied Appellant the fair opportunity to respond to the Rule 907 Notice to Dismiss once it was made aware that Appellant did not receive it?

Appellant's Br. at 4; Appellant's Supplemental Br. at 4.

**A**.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Dozier*, 208 A.3d 1101, 1103 (Pa. Super. 2019). This Court grants "great deference to the factual findings of the PCRA court" if they are supported by the record. *Id.* (citation omitted). For questions of law, "our standard of review is *de novo*[,] and our scope of review is plenary." *Id.* (citation omitted). Additionally, we note that "[a] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa. Super. 2007).

It is well-settled that "the timeliness of a PCRA petition is [] a jurisdictional requisite." *Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa.

Super. 2016). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012). If a petitioner fails to plead and prove a valid exception to the PCRA time-bar, neither the PCRA court nor this Court may review the merits of the claims raised in the petition. ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011). In addition, any petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant filed the instant PCRA petition eleven years after his sentence became final. The petition is, thus, patently untimely. Appellant invokes the government interference and newly discovered fact timeliness exceptions. 42 Pa.C.S. § 9545(b)(1)(i) and (ii).[9] We address each below.

---

[9] Appellant conflates "newly discovered fact" with "after-discovered evidence." ***See*** Second Petition, filed 10/8/21, at 6 (unpaginated); Appellant's Br. at 14 (citing Section 9543(a)(2)(vi)). To obtain relief based on after-discovered evidence, a petitioner must *timely* file a PCRA petition and present evidence that is exculpatory and likely to have changed the outcome of the trial. ***See*** Section 9543(a)(2)(vi). To invoke the court's jurisdiction for an untimely PCRA petition, the petition must establish the existence of a "newly discovered fact."

***Government interference exception***

To establish the government interference exception, a petitioner is required to plead and prove that his "failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]"  42 Pa.C.S. § 9545(b)(1)(i); ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (same), *overruled on other grounds by **Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020).

Appellant's claim relates to the PCRA court's refusal to grant him funds to hire an expert witness. Post-conviction courts can appoint experts and other professionals to assist an indigent petitioner "upon a showing that such assistance is reasonably necessary to the preparation of the petitioner's case." ***Commonwealth v. Howard***, 719 A.2d 233, 242 (Pa. 1998). Where a petitioner has failed to prove that funds are reasonably necessary, the PCRA court's denial of funds does not violate due process and cannot constitute governmental interference. ***See**, **e.g.**, **Commonwealth v. Howard***, 788 A.2d 351, 354 (Pa. 2002) (stating "[w]e do not see how a proper court order [denying a request for additional funds to hire a private investigator] can, in any fashion, be perceived as governmental interference"); ***Commonwealth v. Albrecht,*** 720 A.2d 693, 708 (Pa. 1998) (concluding that "[d]ue process principles did not require the PCRA court to

provide public funds for expert assistance because nothing submitted by Appellant established that the scientific knowledge could have been exploited under the facts of this case.").

Here, Appellant argues that the PCRA court committed governmental interference by refusing to provide funds to hire Mr. Wentling in violation of Appellant's constitutional right to a full and fair post-conviction proceeding. *See* Appellant's Br. at 12. Appellant did not, however, demonstrate any reasonable necessity for funds, or cite any authority to support his claim that the denial of a request for funds constitutes governmental interference. As a result, the court's denial of funds cannot constitute governmental interference, and Appellant's claim fails.

### Newly Discovered Facts Exception

The newly discovered facts exception "renders a petition timely when the petitioner establishes that 'the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.'" *Small*, 238 A.3d at 1271 (quoting 42 Pa.C.S. § 9545(b)(1)(ii)). A document containing allegations that merely suggest that evidence may exist does not meet the newly discovered fact exception. *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014).

Appellant contends that Mr. Wentling's report is a newly discovered fact and because he received Mr. Wentling's report in June 2021, and timely filed

his PCRA Petition four months later in October 2021, he exercised due diligence. Appellant's Br. at 14.

In its Rule 1925(a), the court observed that Mr. Wentling's report presents a summary of facts already known at trial and of which Appellant was aware in 2006. It explained:

> There were no new facts discovered which formed the basis of Dr. Wentling's report. Dr. Wentling's expert opinion is also not based upon any new scientific research which became available after Defendant's trial. As a result, Dr. Wentling's report is insufficient to qualify as an unknown fact, and Defendant has failed to prove the newly discovered fact exception to the timeliness requirements.

*Id*. (citation omitted).

We agree with the PCRA court's assessment. Mr. Wentling's report does not reference any new scientific research which informed his ultimate conclusion that "the laboratory reports and their results appear to be inconclusive as to [Appellant's] role in this homicide" and "the defense did not emphasize this point through the testimony of these scientists and examiner." Wentling Report, at 6. As a result, the report is not a newly-discovered fact which satisfies the timeliness exception.

**B.**

Appellant also contends that he did not receive the PCRA court's Rule 907 notice, and the court, thus, erred in dismissing his petition without a hearing. He suggests that we remand for a hearing to address the Rule 907

Notice. **See** Appellant's Br. at 7-8; Appellant's Supp. Br. at 4 (citing **Commonwealth v. Hopfer**, 965 A.2d 270 (Pa. Super. 2009)).[10]

The York County Court of County Pleas docket indicates that the court sent the Rule 907 Notice to Appellant on March 25, 2022. The docket, however, contains no evidence that the Rule 907 notice was returned as undeliverable.

In its Rule 1925(a) Opinion, the PCRA court acknowledges that Appellant filed a grievance with prison mailroom staff questioning the lack of mail in March 2022. **See** PCRA Ct. Op., 8/5/22, at 2-3. The court also acknowledges that the Prison Mailroom Staff responded to Appellant that "no legal mail was received for you in March 2022" and "all legal mail that the Mailroom has received for you this year has been delivered to you." **Id.** While it is possible that Appellant did not receive the Rule 907 notice, the lack of a Rule 907 notice is not reversible error where the PCRA petition is untimely. **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014). As discussed above, Appellant's PCRA Petition is untimely without exception. Accordingly, we decline to remand for a hearing.

_____

[10] In **Hopfer**, this Court reversed the PCRA court's dismissal of the appellant's PCRA petition where, *inter alia*, the PCRA court had failed to serve a Rule 907 notice after receiving a **Turner/Finley** letter. In remanding, the Court instructed the PCRA court to allow Appellant 20 days to respond to the Rule 907 notice. **Hopfer**, 965 A.2d at 275. The instant case is distinguishable because the record here indicates that the court did serve Appellant with the Rule 907 notice.

**C**.

In conclusion, Appellant's second PCRA petition is untimely, and he fails to satisfy any of the PCRA's timeliness exceptions. We discern no abuse of the PCRA court's discretion in concluding that it lacked jurisdiction to address his claims. Accordingly, we affirm the order dismissing Appellant's second PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2023