J-S08005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES EDWARD ARMSTRONG | : | |
| Appellant | : | No. 1422 EDA 2024 |

Appeal from the PCRA Order Entered May 7, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005475-2011

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED MARCH 18, 2025**

Appellant James Edward Armstrong appeals *pro se* from the Order entered in the Delaware County Court of Common Pleas dismissing as untimely his second petition filed pursuant to the Post Collateral Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-46. We affirm.

In 2007, Appellant shot and killed Eric Caldwell outside a bar in Philadelphia. His jury trial proceeded in March 2012, with co-defendant Rashad Ismail, at which the court admitted the preliminary hearing testimony of Craig Gibson, an eyewitness who was murdered before Appellant's trial. In addition, the parties entered into a stipulation regarding Mr. Gibson's criminal background. Steven Cooper, Appellant's cell mate, testified that Appellant told him that he killed the victim because Appellant owed the victim money.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The jury found Appellant guilty of first-degree murder and a firearms offense, and the court sentenced Appellant to life imprisonment.[1] This Court affirmed the judgment of sentence, and our Supreme Court denied allocatur on March 5, 2014.[2]

Appellant filed his first unsuccessful PCRA petition in 2014 alleging, *inter alia*, that trial counsel provided ineffective assistance for failing to object to the admission of Mr. Gibson's preliminary hearing testimony based on an alleged agreement he had with the Commonwealth. The trial court denied relief and this Court affirmed. **See Commonwealth v. Armstrong**, 2018 WL 2438317 (Pa. Super. 2018) (non-precedential decision).[3]

On June 9, 2023, Appellant *pro se* filed the instant PCRA Petition again alleging ineffective assistance of trial counsel for counsel's failure to discover alleged cooperation agreements between the Commonwealth and both Mr. Gibson and trial witness, Mr. Steven Cooper, respectively. He also asserted that the Commonwealth improperly expunged the criminal records of Mssrs.

_____

[1] The jury found Mr. Ismail not guilty of all charges.

[2] **Commonwealth v. Armstrong**, 2013 WL 11257229 (Pa. Super. filed July 25, 2013) (non-precedential decision); *appeal denied*, 87 A.3d 317 (Pa. 2014).

[3] This Court concluded that Appellant had waived his challenge that counsel failed to investigate and discover the purported agreement between the Commonwealth and Gibson for failing to raise it in his Pa.R.A.P. 1925(b) statement. In a footnote, the Court nonetheless agreed with the trial court that the claim lacked merit. **Commonwealth v. Armstrong**, No. 2018 WL 2438317, at *7 n.11 (Pa. Super. 2018).

Gibson and Cooper following Appellant's trial and contended that the Commonwealth engaged in misconduct by withholding evidence of the alleged agreements, which he characterizes as "exculpatory and impeachment evidence." PCRA Petition, filed 6/9/23, at 4. Finally, he asserted that prior PCRA counsel provided ineffective assistance for failing to raise claims of trial counsel's ineffectiveness for failing to discover this alleged impeachment evidence.[4]

The PCRA court issued a Pa.R.Crim.P. 907 notice on November 9, 2023, advising Appellant of its intention to dismiss the instant PCRA petition without a hearing. After receiving several extensions, Appellant responded to the Rule 907 Notice on February 12, 2024.

On May 2, 2024, the PCRA court denied relief.

* * *

Appellant timely appealed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. The PCRA court filed a Rule 1925(a) Opinion that thoroughly reviews the entirety of Appellant's case, addresses Appellant's objections to its Rule 907 notice, and concludes that the Petition failed to meet the PCRA's timeliness exceptions.

Appellant raises the following issues for our review:

---

[4] Without obtaining leave of the court, Appellant filed a supplemental PCRA petition in July 2023 reiterating his prosecutorial misconduct claims and again challenging the stewardship of prior counsel.

- 3 -

1. Did the PCRA court err in concluding, without a hearing, that the claims raised in the [Appellant's] successor PCRA petitions were untimely pursuant to 42 Pa.C.S. § 9545?

2. Are [Appellant's] claims for relief sufficient to raise a genuine issue of material fact requiring a hearing, thus, necessitating a remand to the PCRA court?

Appellant's Br. at 4.

\* \* \*

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Dozier*, 208 A.3d 1101, 1103 (Pa. Super. 2019). This Court grants "great deference to the factual findings of the PCRA court" if they are supported by the record. *Id.* (citation omitted). For questions of law, "our standard of review is *de novo*[,] and our scope of review is plenary." *Id.* (citation omitted).

Additionally, "[a] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa. Super. 2007).

Relevant to our disposition, it is well-settled that "the timeliness of a PCRA petition is [] a jurisdictional requisite." *Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016). "A PCRA petition, including a second

- 4 -

or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012). If a petitioner fails to plead and prove a valid exception to the PCRA time-bar, neither the PCRA court nor this Court may review the merits of the claims raised in the petition. ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011). In addition, any petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Once a petition is deemed timely, a PCRA petitioner bears the burden of "pleading and proving that the allegation of error has not been previously litigated or waived" and that the failure to raise it previously "could not have resulted from any rational, strategic, or tactical decision by counsel." ***Id***. at §§ 9543(a)(3), (4). Further, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, or in a prior [PCRA petition]." ***Id***. at Section 9544(b).

Here, Appellant filed the instant PCRA petition over nine years after his judgment of sentence became final; it is, thus, facially untimely. The PCRA court, applying "a generous review" of Appellant's PCRA petition, discerned that Appellant's arguments "may suggest" that he raised the "newly discovered facts and/or governmental interference exceptions to the . . . time bar." PCRA Ct. Op., 7/11/24, at 25, 26.

The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 9545(b)(1)(i). *See also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that due to the interference of a government actor, "he could not have filed his claim earlier." *Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021).

The newly-discovered facts exception to the PCRA's time bar provides that the facts upon which the claim is predicated were unknown to petitioner and could not have been ascertained by due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020). "The plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.' Rather, it simply requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" *Commonwealth v. Robinson*, 185 A.3d 1055, 1059 (Pa. Super. 2018) (citation omitted). The Pennsylvania Supreme Court has "explained that the exception set forth in Section 9545(b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016) (internal citations and quotation marks omitted).

Here, the PCRA court concluded that Appellant had not met any timeliness exceptions to the PCRA's one-year time bar. PCRA Ct. Op. at 1, 37. The PCRA court observed that the documents attached to the PCRA Petition were notes of testimony from Mr. Cooper's 2011 plea and sentencing hearings in an unrelated case that evidenced no "secretive cooperation agreement," thereby providing no support for his prosecutorial misconduct claim that could support either a newly-discovered fact or a governmental interference claim. *Id*. at 30.[5]  Further, with respect to the newly-discovered fact exception, the court observed that Appellant did not satisfy the due diligence aspect of that timeliness exception because he offered no explanation as to why he waited eight years after his judgment of sentence became final to raise his claims. *Id*. at 29-30.  Finally, the PCRA court observed that Appellant had previously, and unsuccessfully, litigated his claim regarding his allegation of an agreement between Mr. Gibson and the Commonwealth. There, that PCRA court observed that evidence showed that "years before the murder," Mr. Gibson had "entered open guilty pleas, absent any prosecution sentencing recommendations, and resultantly in 2004 was sentenced." *Id*., at 30, citing Tr. Ct. Op., 6/13/17, at

_____

[5] The PCRA court also noted that the transcripts annexed to the PCRA petition showed that Mr. Cooper entered an open guilty plea to retail theft and that the Commonwealth made no recommendation at the sentencing hearing. PCRA Ct. Op., 7/11/24, at 30.

21.[6]  Accordingly, the PCRA court here concluded that Appellant failed to satisfy any timeliness exceptions and it, thus, lacked "jurisdictional authority" to adjudicate Appellant's claims raised in his second PCRA petition. *Id*. at 1.

In his brief to this Court, Appellant provides a series of bald statements that ignore the PCRA court's findings of fact. Appellant's Br. at 13-20. Instead, he argues that the prosecution failed to correct Mr. Cooper's testimony when he testified at Appellant's trial that he did not have any agreement with the Commonwealth. Appellant's Br. at 17, 19.[7] He claims that in December 2022

_____

[6] The PCRA court also surmised that Appellant based his governmental interference claim on an assertion that Commonwealth "expunged" Mr. Gibson's and Mr. Cooper's criminal records, implying he could not have discovered those records even if he exercised due diligence. The PCRA court concluded that the records were not "expunged"; rather, they were subjected to limited access "clean slating pursuant to "a statutorily directed scheme," and "not the result of any prosecutorial misconduct or omission[.]" PCRA Ct. Op. at 32, *citing* 18 Pa.C.S. § 9122.2(b)(1)(5). The court further observed that Appellant made no attempt to explain why he could not have brought his governmental interference claim sooner since a printout from the AOPC that he annexed to his petition was dated March 23, 2018. *See id*. at 29.

[7] Appellant quotes the following exchange between the assistant district attorney and Mr. Cooper as proof that Mr. Cooper lied during Appellant's trial, and the prosecution did not correct his allegedly false testimony:

> Q: Have you been promised anything with relationship to any of that probation and parole that you've described for testifying here today?
> A: No, ma'am. I report and I call in.
> Q: Have you been promised anything from the police officers, or from the District Attorney's office for your testimony?
> A: Nothing.
> Q: Have you been promised anything, or were you promised, when you first came into the District Attorney's office to speak with the

*(Footnote Continued Next Page)*

- 8 -

he received a transcript from Mr. Cooper's 2011 sentencing in an unrelated case, ostensibly to support his conclusion that Mr. Cooper lied in Appellant's case and the prosecutor failed to correct it. *Id*. at 14.   He concludes that had his defense counsel known of the alleged favorable treatment received by Mssrs. Gibson and Cooper in their unrelated cases, counsel could have used this information to impeach their credibility in Appellant's closing argument. *Id*. at 15. He further argues that this information supports a *Brady*[8] claim that meets the newly-discovered fact exceptions to the time bar.   *See generally id.* at 15-17.   He concludes that he raised a "genuine issue of material fact concerning a newly discovered fact" necessitating a hearing.  *Id*. at 21.

---

detectives, back in October of 2011, were you promised anything for giving a statement?
A:  No ma'am.  They didn't come to me.  I came to them.

Appellant's Br. at 19-20, citing N.T. Trial, 3/8/12, at 99.

[8] *Brady v. Maryland*, 373 U.S. 83 (1963). "*Brady* and subsequent precedent flowing therefrom impose upon a prosecutor the obligation to disclose all favorable evidence that is material to the guilt or punishment of an accused, even in the absence of a specific request by the accused. To establish a *Brady* violation, a defendant has the burden to prove that: (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the prosecution has suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material, meaning that prejudice must have ensued." *Commonwealth v. Towles*, 300 A.3d 400, 404 n.5 (Pa. 2023) (citation, internal ellipses, and brackets omitted).

Following our review, we conclude the record supports the PCRA court's findings of fact and its order is free of legal error. Even applying a "generous reading," Appellant's PCRA petition and its supplement fail to meet any timeliness exceptions and his brief provides no compelling argument to find otherwise. Appellant fails to acknowledge the PCRA court's finding that he had previously raised his claim pertaining to Mr. Gibson in his prior unsuccessful PCRA petition. Moreover, since our review reveals that Appellant did previously raise this claim, even if Appellant had met a timeliness exception here, we would decline to address it. 42 Pa.C.S. § 9543. Further, aside from stating that he obtained Mr. Cooper's 2011 sentencing transcripts from an unrelated case in 2022, Appellant has not attempted to explain why he could not have obtained these records previously or how these records satisfy his alleged *Brady* claim. Finally, he has not made any attempt to inform us of how the government interfered with him bringing his claim sooner or how a potential closing argument provides **evidence** requiring PCRA relief.

Having concluded Appellant has failed to satisfy any timeliness requirements, this Court, like the PCRA court, is without jurisdiction to address the merits of Appellant's claims. We, thus, affirm the order denying Appellant's second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>3/18/2025</u>